UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARI P. KUNAMNENI, | No. C 08-5154 PJH |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION** |
| v. | |
| CARLOS M. GUTIERREZ, SECRETARY OF THE DEPARTMENT OF COMMERCE, | |
| Defendant. | |

Before the court is *pro se* plaintiff Hari Kunameni's ("plaintiff") administrative motion, pursuant to Civil Local Rule 7-11, requesting an order: (1) directing that service of the amended complaint be effected upon Carlos Gutierrez, Secretary of the Department of Commerce ("Gutierrez") on his behalf; (2) directing that service of process be effected upon the Department of Commerce on his behalf; and (3) requiring Gutierrez to respond to the amended complaint within ten days after service. Gutierrez did not oppose the motion. Having considered the papers submitted, the court hereby DENIES plaintiff's administrative motion, for the reasons stated below.

**BACKGROUND**

On November 12, 2008, plaintiff commenced this action against Gutierrez, generally alleging employment discrimination. Along with his complaint, plaintiff submitted a request to proceed *in forma pauperis*. On December 19, 2008, plaintiff submitted a motion seeking, among other things, a determination regarding his request to proceed *in forma pauperis* and permission to participate in the court's Electronic Case Filing ("ECF") program. On January 6, 2009, the court issued an Order granting plaintiff's request to proceed *in forma*

*pauperis*, and directed the United States Marshal to effect service upon defendant on his behalf. With respect to plaintiff's request to participate in the court's ECF program, the court stated that it would not rule on this issue until plaintiff submitted a declaration indicating: (1) that he read General Order 45 and other instructions on the court's website that pertain to electronic filing; (2) that he understands the requirements of the electronic filing program; and (3) that he will comply with all the rules and orders of the court, subject to termination of his participation for failing to comply with said rules and orders.

On February 5, 2009, the United States Marshal effected service upon Gutierrez on plaintiff's behalf, thereby requiring Gutierrez to file an answer or other responsive pleading by no later than April 6, 2009. On March 16, 2009, the court issued an Order granting plaintiff's request to participate in the court's ECF program and designated this case for electronic filing pursuant to Civil Local Rule 5-4 and General Order No. 45. On March 24, 2009, plaintiff e-filed an amended complaint, adding the Department of Commerce as a defendant. Also on March 24, 2009, plaintiff filed the instant motion, which Gutierrez did not oppose. On March 25, 2009, Gutierrez filed a motion to dismiss for improper venue or, in the alternative, to transfer venue.

**DISCUSSION**

A.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the court shall *sua sponte* dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "It is well-settled that when determining whether a plaintiff has failed to state a claim upon relief can be granted under § 1915(e)(2), courts use the Rule 12(b)(6) standard of review." Teahan v. Wilhelm, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007) (citing cases); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

"A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can

1  prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v.
2  Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is
3  appropriate where there is no cognizable legal theory or there is an absence of sufficient
4  facts alleged to support a cognizable legal theory. Id.  In making this determination, the
5  court must take all allegations of material fact in the complaint as true and construe them in
6  the light most favorable to the plaintiff.  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d
7  1480, 1484 (9th Cir. 1995).

8  Viewing the allegations in the light most favorable to plaintiff, the court finds that the
9  amended complaint survives the *sua sponte* screening required by § 1915(e)(2).  Plaintiff is
10 cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative
11 of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may
12 choose to bring."  Teahan, 481 F.Supp.2d at 1119 (italics added).

13 B.     Plaintiff's Administrative Motion

14 Plaintiff's administrative motion requests an order: (1) directing that service of the
15 amended complaint be effected upon Gutierrez on his behalf; (2) directing that service of
16 process be effected upon the Department of Commerce on his behalf; and (3) requiring
17 Gutierrez to respond to the amended complaint within ten days after service.  The court will
18 address each request in turn.

19 As to plaintiff's request for an order directing that service of the amended complaint
20 be effected upon Gutierrez on his behalf, this request is DENIED.  On March 24, 2009,
21 plaintiff, a registered ECF user in this case, electronically filed, and therefore served, the
22 amended complaint upon Gutierrez, a registered ECF user in this case.  See Fed.R.Civ.P.
23 5 (every pleading subsequent to an original complaint may be served by electronic means);
24 see also General Order No. 45 (Upon the e-filing of a document by a party, an automatic e-
25 mail message will be generated by the ECF system and sent to all parties whose e-mail
26 addresses have been registered in the case, which shall constitute service on the attorney
27 or other persons in the case subject to ECF.).

28

3

As to plaintiff's request for an order directing that service of process be effected upon the Department of Commerce on his behalf, this request is DENIED. The Department of Commerce is not a proper defendant in this action. The allegations of the amended complaint allege employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* ("Rehabilitation Act"). "Title VII requires that in a civil action alleging employment discrimination by the government, the head of the department, agency or unit, as appropriate, shall be the defendant." Vinieratos v. Dep't of the Air Force, 939 F.2d 762, 772 (9th Cir. 1991) (internal quotation marks omitted). Similarly, the head of the department is the appropriate defendant for disability claims made pursuant to the Rehabilitation Act. See Mahoney v. United States Postal Service, 884 F.2d 1194, 1196, n. 1 (9th Cir. 1989) (noting that the "Rehabilitation Act simply makes available to victims of handicap discrimination the rights and remedies embodied in Title VII" and that analysis regarding appropriate defendant is same under both laws). In this action, the only proper defendant for plaintiff's discrimination claims is the head of the Department of Commerce.

Finally, as to plaintiff's request for an order directing Gutierrez to respond to the amended complaint within ten days after service, this request is DENIED. Gutierrez filed a responsive pleading to the amended complaint on March 25, 2009, the day after plaintiff filed his amended complaint.

## CONCLUSION

For the reasons stated above, the court hereby DENIES plaintiff's administrative motion.

**IT IS SO ORDERED.**

Dated: April 2, 2009

_____
PHYLLIS J. HAMILTON
United States District Court

4