United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARI P. KUNAMNENI, | No. C 08-5154 PJH |
| Plaintiff, | **ORDER GRANTING MOTION TO TRANSFER** |
| v. | |
| CARLOS M. GUTIERREZ, SECRETARY OF THE DEPARTMENT OF COMMERCE, | |
| Defendant. _____/ | |

Before the court is defendant Carlos Gutierrez's ("defendant") motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer this case to the United States District Court for the Eastern District of Virginia pursuant to either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). *Pro se* plaintiff Hari Kunamneni ("plaintiff") opposes the motion. Because the court finds this matter suitable for decision without oral argument, the hearing date of April 29, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS defendant's motion to transfer, for the reasons stated below.

**BACKGROUND**

Plaintiff commenced the instant action on November 12, 2008. On March 24, 2009, plaintiff filed an amended complaint alleging that his former employer, the United States Patent and Trademark Office ("USPTO"), an agency of the United States Department of Commerce, discriminated against him on the basis of his disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Rehabilitation

Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act").[1]

Plaintiff currently resides in Cupertino, CA. Defendant is the Secretary of the Department of Commerce. The headquarters of the USPTO is located in Alexandria, Virginia, which is within the Eastern District of Virginia.

On March 25, 2009, defendant filed a motion to motion to dismiss for improper venue or, in the alternative, to transfer this case to the United States District Court for the Eastern District of Virginia. Plaintiff filed an opposition on April 8, 2009. A reply was filed on April 14, 2009. On April 15, 2009, plaintiff filed a "Notice Of Civil Action Pending In Eastern District Of Virginia," advising the court that on January 5, 2009 he filed a similar action in the Eastern District of Virginia, Alexandria Division.

**DISCUSSION**

A.   Defendant's Motion To Dismiss Or Transfer

Defendant moves to dismiss or, in the alternative, to transfer this case for improper venue.

Employment discrimination claims under the Rehabilitation Act are governed by Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). Bolar v. Frank, 938 F.2d 377, 377-78 (2d Cir. 1991) (holding in Rehabilitation Act case that the specific venue provision of Title VII applies rather than general venue provision in 28 U.S.C. § 1391). In Title VII actions, venue is proper: (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; "or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district,

---

[1] The court notes that while plaintiff asserts that his employer discriminated against him on the basis of his disability and failed to provided reasonable accommodation of his disability, in violation of Title VII and § 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Ninth Circuit has held that § 501, 29 U.S.C. § 791, is the exclusive remedy for federal employees bringing a claim of disability discrimination under the Rehabilitation Act. Boyd v. United States Postal Service, 752 F.2d 410, 413 (9th Cir. 1985).

such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). "[T]he only limitation contemplated by th[is] provision is that it seeks to 'limit venue to the judicial district concerned with the alleged discrimination.' " Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 504 (9th Cir. 2000). "[V]enue should be found where the effect of the unlawful employment practice is felt: where the plaintiff works, and the decision to engage in that practice is implemented." Id. at 505. Where venue is improper, a district court must either dismiss the case or transfer it "in the interest of justice" to an appropriate jurisdiction. 28 U.S.C. § 1406(a);Fed.R.Civ.P. 12(b)(3).

As argued by defendant, and as required by the applicable venue provision, the proper venue in this case is the Eastern District of Virginia. The record indicates that plaintiff worked for the USPTO in the Eastern District of Virginia, the alleged unlawful employment practice took place there and plaintiff's employment records are maintained there. See Decl. of Stacy Hoffman; Decl. of Michael Salley ("Salley"). To the extent that plaintiff contends that but for the alleged unlawful employment practice he would have worked in the Northern District of California, the court finds this contention to lack merit. Neither the allegations in the amended complaint nor the evidence before the court support plaintiff's position. Plaintiff's allegation that he "intended" to move to Cupertino, CA to work remotely under the "Patents Hotelling Program (PHP) offered by the Patent and Trademark Office," even if true, is insufficient to establish that he would have worked remotely from Cupertino, CA but for the allegedly unlawful employment practice. Nor did plaintiff offer any persuasive evidence indicating that he would have worked remotely from Cupertino, CA but for the allegedly unlawful employment practice. In fact, the uncontroverted evidence before the court indicates that plaintiff did not request to relocate or work out of his home as a reasonable accommodation. See Decl. of Salley.

In short, the court finds that venue is proper in the Eastern District of Virginia because this is where the effect of the unlawful employment practice was "felt."

3

Accordingly, the court concludes that the "interest of justice" dictates that this action be transferred to the Eastern District of Virginia pursuant to § 1406(a). Moreover, the court concludes that, even assuming that venue is proper in the Northern District of California, transfer of this action to the Eastern District of Virginia is warranted pursuant to § 1404(a). See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

## CONCLUSION

For the reasons stated above, the court hereby GRANTS defendant's motion to transfer. This case is hereby transferred to the Eastern District of Virginia.

**IT IS SO ORDERED.**

Dated: April 21, 2009

_____
PHYLLIS J. HAMILTON
United States District Court